Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1396 | **DATE** | 9/13/2000 |
| **CASE TITLE** | Mustafa,etal vs. Equilon Enterprises,etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Defendants' motion to dismiss various counts of plaintiffs' amended complaint (14-1) is granted. We dismiss plaintiff Mustafa from the case completely, dismiss counts III and IV of the complaint in their entirety, and dismiss plaintiff Hamim from counts I and II of the complaint, leaving plaintiff NMZ.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 23 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 SEP 14 AM 8: 47 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/13/2000 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANWAR MUSTAFA,<br>NMZ, INC. and HAMIM, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES, LLC.<br>SHELL OIL, INC.,<br>TEXACO OIL, INC.,<br><br>        Defendants. | No. 00 C 1396 |
| EQUILON ENTERPRISES, LLC<br>as successor in interest to SHELL OIL<br>COMPANY, a Delaware corporation,<br><br>        Counter-Plaintiffs,<br><br>v.<br><br>NMZ, INC., an Illinois Corporation and<br>ANWAR MUSTAFA,<br><br>        Counter-Defendants. | DOCKETED<br>SEP 15 2000 |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiffs Anwar Mustafa, NMZ, Inc., and Hamim, Inc. bring a four-count amended complaint for injunctive and other relief against Defendants Equilon Enterprises LLC, Shell Oil Company, Inc. and Texaco Oil, Inc. (collectively, "Equilon"). Count I of the complaint seeks injunctive relief to prevent Equilon from terminating NMZ's franchise agreement. Count II alleges that Equilon violated the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 et. seq. by terminating the franchise agreement without proper notice.[1] Count III

---

[1] We need not determine here whether the notice was in fact defective.

alleges that Equilon tortiously interfered with NMZ's prospective contract with an investor by terminating the franchise agreement without proper notice. Count IV alleges that Equilon converted Hamim's property by improperly charging it for $30,000.00 worth of petroleum products purchased by Hamim's predecessor.

Pursuant to Fed.R.Civ.P. 12(b)(1) and (6), defendants have moved to dismiss plaintiff Mustafa from all counts of the complaint and to dismiss plaintiff Hamim from Counts I, II and III, both for lack of standing. Defendants have also moved to dismiss Count III in its entirety for failure to state a claim. Finally, defendants move to dismiss Count IV for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim for which relief may be granted. For the reasons discussed below, we grant defendants' motion in its entirety.

## BACKGROUND

Defendants Texaco and Shell own Equilon Enterprises, LLC. Equilon *inter alia* manages credit accounts, leases, and product sales for gasoline station owner-operators. Plaintiffs NMZ and Hamim have separate contracts with Equilon to operate independent Shell gas stations in Chicago, Illinois. Mustafa is the acting president and major shareholder of both NMZ and Hamim. According to the complaint, NMZ and Hamim were operated as separate entities and did not commingle funds. Each station had its own dealer number and maintained a separate account with Shell.

The facts giving rise to the allegations in the complaint concern two separate incidents involving NMZ and/or Hamim. First, on February 22, 1999, Equilon improperly overdrafted $30,000.00 from Hamim's account, a mistake it did not rectify until July, 1999. Hamim alleges that this overdraft caused it severe financial hardship from which it had difficulty recovering. Count IV of the complaint alleges conversion based on this $30,000.00 overdraft

2

of Hamim's account. In order to help Hamim, Mustafa and Equilon agreed to a one-time transfer of an $11,000.00 credit balance from NMZ's account to Hamim's account. However, the complaint alleges that this transfer not only failed to help Hamim, but also hurt NMZ financially. Further, the complaint alleges that in 1999, Equilon at various times placed both Hamim and NMZ on a "cash only" basis, canceling their ability to purchase gasoline on credit.

The other major allegation of the complaint concerns Equilon's termination of NMZ's franchise agreement in February, 2000. Counts I, II and III of the complaint relate to the technicalities of Equilon's termination of NMZ's franchise and allege that Equilon breached the PMPA by failing to provide adequate notice of the termination. Further, the complaint alleges that by terminating the agreement,[2] Equilon interfered with NMZ's contracts.[3] None of these counts of the complaint concern Hamim or its own financial problems.

On March 8, 2000, defendants removed this action to federal court because this case involves a civil action over which we have original jurisdiction pursuant to the PMPA, 15 U.S.C. § 2805(a).

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(1) and (6)[4] is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the defendants' motion to dismiss,

---

[2] The PMPA provides franchisees the right to pursue equitable and legal actions against franchisors who fail to comply with the PMPA's notice provisions in terminating franchisees.

[3] It is not entirely clear from the complaint to which contract plaintiffs are referring. Although they mention the actual franchise agreement, the allegations of the complaint seem to accuse Equilon of interfering with NMZ's contract with a prospective investor in the gas station.

[4] Fed.R.Civ.P. 12(b)(1) concerns lack of subject matter jurisdiction and 12(b)(6) concerns failure to state a claim.

3

we must accept all well-pleaded allegations in the complaint as true and must draw all reasonable inferences in the plaintiffs' favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1999).

Plaintiffs concede in their response brief that Mustafa, as the corporate president and a shareholder of NMZ and Hamim, is not a proper party to this action. (Pls.' resp. brf. at 4). We therefore grant defendants' motion to dismiss Mustafa as a plaintiff from all counts of the complaint.[5]

Next, defendants move to dismiss Hamim from Counts I, II and III of the complaint, arguing that he does not have standing to bring these causes of action. In order to have standing to bring a case in federal court, a party must present an "actual case or controversy." *Perry v. Sheahan*, No. 99-1079, 2000 WL 1006950, at *2 (7th Cir., July 21, 2000), (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). The purpose of the requirement is to ensure that the plaintiffs have "a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *Id.* In order to prove standing, therefore, a plaintiff seeking to bring a complaint in federal court must demonstrate: 1) "injury in fact" that is concrete, particularized and actual or imminent rather than conjectural or

---

[5] A shareholder does not have standing to bring a cause of action based on an injury to the corporation that results only in an indirect injury to the shareholder. *Twohy v. First Nat'l Bank of Chgo.*, 758 F.2d 1185, 1194 (7th Cir. 1985). Mustafa, as a shareholder, does not allege that the defendants breached a duty directly owed to him, nor does he allege that he suffered any injuries separate and distinct from the injuries allegedly suffered by the plaintiff corporations.

hypothetical; 2) causation, which means that the injury is fairly traceable to the defendant's conduct; and 3) redressability, which means that it is likely and not merely speculative that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Kemper Prime Indus. Partners v. Montgomery Watson Americas, Inc.*, No. 97-4278, 2000 WL 876222 at * 6 (N.D. Ill., June 26, 2000).

Hamim is unable to demonstrate that it meets any of the requirements for standing with regard to counts I, II and III of the complaint. All three of these counts concern Equilon's termination of NMZ's franchise agreement in February, 2000. Even making all reasonable inferences in favor of Hamim, nowhere does the complaint allege that the termination of NMZ's franchise without proper notice injured Hamim. All of the injuries Hamim alleges that it suffered at the hands of Equilon – discontinuation of Hamim's full credit status, financial difficulties, and conversion of its funds – relate to events that occurred prior to the termination of the NMZ franchise. And as Hamim admits, its franchise has been neither terminated nor nonrenewed.[6] Further, the relief requested in these three counts – an injunction preventing the termination of the franchise agreement – would not redress any of Hamim's injuries. Thus, Hamim does not have standing to pursue counts I, II and III of the complaint.

Next defendants argue that the PMPA preempts NMZ's state law claim for tortious interference with contractual relations. We agree. The relevant section of the PMPA is §2806:

---

[6] Hamim essentially pleads itself out of the first three counts of the complaint by alleging that it is a wholly separate and distinct entity from NMZ.. *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (holding that a plaintiff may plead himself out of a cause of action through allegations in the complaint). And even if we were to accept plaintiffs' allegation that Equilon has itself treated Hamim and NMZ as related, such treatment was in regards to Hamim's financial problems in 1999; it had nothing to do with the termination of the NMZ franchise in 2000.

[to] the extent that any provision of this subchapter applied to the termination . . . or to the nonrenewal . . .or any franchise relationship, no State or any political subdivision thereof may adopt . . . any provision of any law or regulation . . . with respect to termination or nonrenewal . . . unless such provision . . . is the same as the applicable provision of this subchapter. 25 U.S.C. § 2806(a).

The PMPA preempts state regulation of the grounds, procedures and notification requirements for terminations and non-renewals of dealer agreements. *Shell Oil v. Avar Corp.*, No. 97-C 4489, 1997 WL 779054, at * 3 (N.D.Ill. Dec. 12, 1997). In *Grogan v. Shell Oil Co.*, No. 85- C 9254, 1986 WL 6091 at *2 (N.D.Ill. May 16, 1986), the Court held that in light of this statutory provision, state law claims for tortious interference with contractual relations were preempted by the PMPA when the tortious interference claim arose out of a termination or non-renewal of the franchise relationship.

Plaintiffs claim in their response brief that Count III does not stem from the termination of NMZ's franchise, but instead arises out of continued efforts by Equilon to "financially ruin" NMZ through the revocation of NMZ's credit agreement and Equilon's commingling of funds of the franchisees' accounts. However, count III of the complaint plainly accuses Equilon of interfering with prospective investors in NMZ by "breaching the notice provisions of their own contract" (Cplt. ¶ 35); the complaint specifically asks that defendants be enjoined from terminating the franchise agreement but does not make any of the allegations that plaintiffs add to their response brief. *See Car Carriers Inc.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that plaintiff cannot amend complaint with allegations in a response to a motion to dismiss). Thus, we dismiss count III of the complaint as preempted by the PMPA.[7]

---

[7] Because we dismiss NMZ's state law claim on preemption grounds, we do not need to consider defendants' alternative argument that plaintiffs' amended complaint fails to state a claim for tortious interference with contract.

Finally, defendants ask that we refuse to extend supplemental jurisdiction over count IV of the complaint, which alleges that Equilon converted Hamim's property when it wrongly overdrafted Hamim $30,000.00 for petroleum products. Section 1367(a) of Title 28 provides in pertinent part that:

> In any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. 28 U.S.C. § 1367(a).

Supplemental jurisdiction exists if the state conversion claim is "sufficiently related" to the PMPA claims such that the claims "derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). Supplemental claims may be separate claims, or they may be different counts, grounds, or theories in support of what is essentially a single claim, as long as the claim revolves around a central fact pattern. *Lynam v. Foot First Podiatry Ctrs.*, 919 F.Supp. 1141, 1148 (N.D.Ill. 1996).

The first three counts of the plaintiffs' complaint concern defendants' alleged violation of the notice of termination requirements of the PMPA. In their response brief, plaintiffs concede that Hamim's count IV claim for conversion does not fall under the PMPA. (Pls. resp. ¶ 7). Instead, plaintiffs argue that we should extend supplemental jurisdiction over their conversion count because Equilon did not treat NMZ and Hamim as separate entities. Plaintiffs allege that Equilon's revocation of both franchises' credit privileges as well as Equilon's and NMZ's decision to transfer some of NMZ's credit balance to Hamim's account demonstrate that the conversion count arises from the same set of facts as the counts regarding the termination of NMZ's franchise.

7

The problem with plaintiffs' argument is that even accepting as true their contentions regarding Equilon's alleged commingling of the two franchises' funds, none of the allegations relate to whether Equilon breached the PMPA by failing to adhere to its notice requirement. Equilon's treatment of either Hamim or NMZ prior to the termination of NMZ's franchise agreement is not at issue in counts I, II and III of the complaint. Instead, the complaint argues only that by failing to give the plaintiffs the required 90 days notice of termination, Equilon breached the PMPA and interfered with NMZ's attempt to secure a new investor. If plaintiffs had argued that Equilon's *reasons* for terminating the agreement breached the PMPA, we might have had a different case. But nothing in the complaint leads us to reasonably infer that the alleged conversion and commingling of the two franchises' accounts is at all related to the amount of notice Equilon gave NMZ prior to terminating its franchise. Thus, we dismiss count IV of the complaint for lack of supplemental jurisdiction.

In sum, we dismiss plaintiff Mustafa from the case completely, dismiss counts III and IV of the complaint in their entirety, and dismiss plaintiff Hamim from counts I and II of the complaint, leaving plaintiff NMZ. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 9/15/00